UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAMON NOE SANTIAGO, )
)
    Movant, )
)
vs. ) Case No. 4:08-CV-219 (CEJ)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

**MEMORANDUM**

This matter is before the Court upon the motion of Ramon Noe Santiago to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

**I. Background**

On November 1, 2006, Santiago pled guilty to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of actual methamphetamine and in excess of 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, the Court determined that the guideline imprisonment range was 188-235 months. On January 26, 2007, Santiago was sentenced to a term of imprisonment of 188 months. He did not appeal the judgment.

In his motion to vacate, Santiago asserts that the Court erred in determining the drug quantity and that he was denied effective assistance of counsel. Santiago also requests an evidentiary hearing.

**II. Discussion**

    **A. Drug Quantity Determination**

Santiago claims that the Court erred in determining that the quantity of actual methamphetamine attributable to him was 1.5 kilograms. This claim is wholly unsupported by the record.

Santiago entered into a written plea agreement with the government that contained a lengthy recitation of the facts to which the parties stipulated. The stipulation included the following:

> Due to the length, breadth and scope of the conspiracy, the exact amount of controlled substances attributable to SANTIAGO is not subject to precise calculation, however the parties are in agreement that SANTIAGO is responsible for at least 1.5 kilograms of actual methamphetamine resulting in the recommended base offense level. This amount is substantiated by reliable witness testimony, the September 23, 2005 seizure, the April 20, 2006 controlled purchase, the May 25, 2006 incident, the June 22, 2006 seizures, recorded telephone calls and reliable witness testimony.

United States v. Ramon Noe Santiago, No. 4:06-CR-449 (E.D. Mo.), Plea Agreement, Guidelines Recommendations and Stipulations, p. 13 [Doc. #54].

At the change of plea hearing, Santiago stated under oath that he agreed with the recitation of facts and to the quantity of actual methamphetamine attributed to him. Thus, the drug quantity determination resulted from Santiago's admission, not from any independent assessment by the Court.

### B. Ineffective Assistance of Counsel

Santiago next claims that he was denied effective assistance of counsel because his attorney (1) did not challenge the drug quantity calculation at sentencing and (2) relieved the government of its burden of proving the drug quantity.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range

of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive; a court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

In an affidavit, Santiago's attorney states that he and Santiago reviewed the discovery materials obtained from the government before the change of plea hearing. According to defense counsel, these materials showed that the government possessed ample evidence to prove that Santiago was responsible for more than 1.5 kilograms of actual methamphetamine. Additionally, the discovery materials showed that the government possessed evidence that could establish Santiago's role in the conspiracy as that of a supervisor. Defense counsel was successful in negotiating an agreement by the government to forego this role adjustment. However, had the government pursued the role adjustment, Santiago's total offense level would have increased, thus placing him in a higher guideline imprisonment range. In the face of this evidence, defense counsel determined that any effort to challenge the drug quantity would not only have been futile, but would have allowed the government the opportunity to establish facts supporting a higher guideline range. Santiago does not contest any of the statements in defense counsel's affidavit.

The Court finds that Santiago has failed to show that his attorney's performance fell below an objectively reasonable level. Additionally, Santiago makes no claim that, but for his attorney's performance, he would have gone to trial. The Court finds that Santiago has not shown that he was prejudiced.

### III. Conclusion

For the foregoing reasons, the Court concludes that Santiago has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. Further, there are no disputed issues that warrant an evidentiary hearing. The Court finds that Santiago has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2011.